UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PATRICK KELLY,
    Plaintiff,

v.

GILA LLC,
a Texas limited liability company,
d/b/a MUNICIPAL SERVICES BUREAU and
EXPERIAN INFORMATION SOLUTIONS, INC.,
a foreign corporation, jointly and severally,
    Defendants.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COME THE PLAINTIFFS THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN**, and for their Complaint against the Defendants, plead as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

### VENUE

3. Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendants conduct business in Michigan, have registered office in Michigan or a substantial part of the events or omissions giving rise to the claims herein occurred in Michigan.

**GENERAL ALLEGATIONS**

4. Gila LLC, conducts business under the name Municipal Services Bureau ("MSB").

5. MSB is a collection agency that collects consumer type debts and maintains a register offices in the Oakland County, Michigan.

6. In this case, MSB has been attempting to collect several debts from the Plaintiff related to property taxes on real estate located in the City of Detroit.

7. MSB has, at all relevant times, represented the City of Detroit in connection with these consumer type debts.

8. Defendant Experian is a credit reporting agency and is governed by the Fair Credit Reporting Act.

9. To the extent that MSB has reported debts allegedly owed by the Plaintiff to any credit reporting agency in connection with the property taxes owed to the City of Detroit, Defendant MSB is also governed by the Fair Credit Reporting Act.

10. On or about January 31, 2011, Plaintiff received three letters from Defendant MSB with respect to overdue taxes or debts related to property located in the City of Detroit.

11. Plaintiff has never owned any property in the City of Detroit.

12. In late March of 2011, Plaintiff learned that Defendant MSB was reporting these debts on his credit reports with all three major credit reporting agencies ("Bogus Trade Lines"), when he went to buy a car.

13. Due to the presence of these Bogus Trade Lines on his credit reports, the Plaintiff was able to get a loan for his car purchase but was charged a higher rate of interest.

14. On or about June 1, 2011, Plaintiff, through counsel, sent a letter to all three major credit reporting agencies in which he disputed the Bogus Trade Lines.

15. Defendant Experian retained two of the Bogus Trade Lines; one is in the amount of $85 and the account number is 912XXXX and the other in the amount of $85 and the account number is 913XXXX.

16. Neither of these remaining Bogus Trade Lines is flagged as "disputed."

17. The Bogus Trade Lines were removed by Equifax and Trans Union.

18. Plaintiff recently applied for credit at his credit union is receiving a higher interest rate. He will send us a letter to show this soon.

19. Plaintiff has suffered actual damages including emotional suffering, embarrassment and humiliation due to these retained Bogus Trade Lines.

20. These Bogus Trade Lines have been improperly retained by the Defendants as a direct and proximate cause of their individual and joint violations of the Fair Credit Reporting Act.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MUNICIPAL SERVICES BUREAU.

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by all three Credit Reporting Agencies of the Plaintiff's consumer dispute, MSB negligently failed to conduct a proper reinvestigation of the plaintiff's dispute as required by 15 USC 1681s-2(b).

23. MSB negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, MSB failed to direct Experian to delete the inaccurate information about the plaintiff pertaining to the Bogus Trade Lines as required by 15 USC 1681s-2(b)(1)(c).

24. MSB's trade lines were inaccurate and created a misleading impression on the Plaintiff's consumer credit file with each credit reporting agency to which it had and continues reporting such trade line.

25. As a direct and proximate cause of MSB's negligent failure to perform its duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

26. MSB is liable to the plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. The Plaintiff has a private right of action to assert claims against MSB arising under 15 USC 1681s-2(b).


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Municipal Services Bureau, for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MUNICIPAL SERVICES BUREAU.

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by all three major credit reporting agencies that the plaintiff disputed the accuracy of the information it was providing, Defendant MSB willfully failed to conduct a proper reinvestigation of the Plaintiff's dispute.

30. MSB willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of MSB's willful failure to perform its duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

32. MSB is liable to the Plaintiff for either statutory damages or actual damages he has sustained by reason of MSB's violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant MSB for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN.

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiffs as that term is defined in 15 USC 1681a.

35. Such reports contained information about the Plaintiff that was false, misleading and inaccurate.

36. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

37. After receiving the Plaintiff's consumer dispute to the Bogus Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

39. Experian is liable to the plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN.

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

42. Such reports contained information about the plaintiff that was false, misleading and inaccurate.

43. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to the plaintiff, in violation of 15 USC 1681e(b).

44. After receiving the Plaintiff's consumer dispute to the Bogus Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

46. Experian is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

August 23, 2011

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com