UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PATRICK KELLY,

    Plaintiff,

v.

GILA, LLC, a Texas limited liability company,
d/b/a MUNICIPAL SERVICES BUREAU and
EXPERIAN INFORMATION SOLUTIONS, INC.,
A foreign corporation, jointly and severally,

    Defendants.

Case No.: 2:11-cv-13672
Hon. Robert H. Cleland

---

| | |
|---|---|
| GARY D. NITZKIN (P41155) | CHARITY A. OLSON (P68295) |
| MICHIGAN CONSUMER CREDIT LAWYERS | OLSON LAW GROUP |
| Attorneys for Plaintiff | Attorneys for Gila |
| 22142 West Nine Mile Rd. | 106 E. Liberty, Suite 206 |
| Southfield, MI 48033 | Ann Arbor, MI 48104 |
| (248) 353-2882 | 734-222-5179 |
| Fax: (248) 353-4840 | Fax: 866-941-8712 |
| gary@micreditlawyer.com | colson@olsonlawpc.com |
| | |
| | TAMARA E. FRASER (P51997) |
| | FRANK HARON WEINER AND NAVARRO PLC |
| | Attorneys for Experian |
| | 5435 Corporate Drive, Suite 225 |
| | Troy, MI 48098 |
| | 248-952-0400 |
| | tfraser@fhwnlaw.com |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

    Defendant, Gila, LLC d/b/a Municipal Services Bureau, through its counsel, Olson Law Group, for its Answer and Affirmative Defenses to Plaintiff's Complaint states as follows:

## JURISDICTION

1. Defendant neither admits nor denies the allegations in Paragraph 1 of the Complaint because they set forth legal conclusions for which no response is required leaving Plaintiff to his strict proofs.

2. Defendant neither admits nor denies the allegations in Paragraph 2 of the Complaint for lack of information or sufficient belief, except to deny that Defendant violated the Fair Credit Reporting Act (15 U.S.C. § 1681 *et. seq.* ("FCRA")), leaving Plaintiff to his strict proofs.

## VENUE

3. Defendant neither admits nor denies the allegations in Paragraph 3 of the Complaint for lack of information or sufficient belief, except to admit that Defendant has a registered agent located in Bingham Farms, Michigan, leaving Plaintiff to his strict proofs.

## GENERAL ALLEGATIONS

4. Admitted.

5. Admitted.

6. Defendant neither admits nor denies the allegations in Paragraph 6 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

7. Defendant neither admits nor denies the allegations in Paragraph 7 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

8. Defendant neither admits nor denies the allegations in Paragraph 8 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

9. Defendant neither admits nor denies the allegations in Paragraph 9 of the Complaint because they set forth legal conclusions for which no response is required leaving Plaintiff to his strict proofs.

10. Defendant neither admits nor denies the allegations in Paragraph 10 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

11. Defendant neither admits nor denies the allegations in Paragraph 11 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

12. Defendant neither admits nor denies the allegations in Paragraph 12 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

13. Defendant neither admits nor denies the allegations in Paragraph 13 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

14. Defendant neither admits nor denies the allegations in Paragraph 14 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

15. Defendant neither admits nor denies the allegations in Paragraph 15 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

16. Defendant neither admits nor denies the allegations in Paragraph 16 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

17. Defendant neither admits nor denies the allegations in Paragraph 17 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

18. Defendant neither admits nor denies the allegations in Paragraph 18 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

19. Denied as untrue.

20. Denied as untrue.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MUNICIPAL SERVICES BUREAU

21.   Defendant reasserts its previous responses as if fully set forth herein.

22.   Denied as untrue.

23.   Denied as untrue.

24.   Denied as untrue.

25.   Denied as untrue.

26.   Denied as untrue.

27.   Denied as untrue.

**WHEREFORE**, Defendant, Gila, LLC d/b/a Municipal Services Bureau requests that this Court: (a) dismiss Plaintiff's claims in their entirety, with prejudice; (b) award Defendant its fees and costs wrongfully incurred in defense of this matter; and (c) grant Defendant such other and further relief as is just and proper.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MUNICIPAL SERVICES BUREAU

28.   Defendant reasserts its previous responses as if fully set forth herein.

29.   Denied as untrue.

30.   Denied as untrue.

31.   Denied as untrue.

32.   Denied as untrue.

**WHEREFORE**, Defendant, Gila, LLC d/b/a Municipal Services Bureau requests that this Court: (a) dismiss Plaintiff's claims in their entirety, with prejudice; (b) award Defendant its

fees and costs wrongfully incurred in defense of this matter; and (c) grant Defendant such other and further relief as is just and proper.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

33. Defendant reasserts its previous responses as if fully set forth herein.

34. Defendant neither admits nor denies the allegations in Paragraph 34 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

35. Defendant neither admits nor denies the allegations in Paragraph 35 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

36. Defendant neither admits nor denies the allegations in Paragraph 36 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

37. Defendant neither admits nor denies the allegations in Paragraph 37 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

38. Defendant neither admits nor denies the allegations in Paragraph 38 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

39. Defendant neither admits nor denies the allegations in Paragraph 39 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

**WHEREFORE**, Defendant, Gila, LLC d/b/a Municipal Services Bureau requests that this Court: (a) dismiss Plaintiff's claims in their entirety, with prejudice; (b) award Defendant its fees and costs wrongfully incurred in defense of this matter; and (c) grant Defendant such other and further relief as is just and proper.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

40. Defendant reasserts its previous responses as if fully set forth herein.

41. Defendant neither admits nor denies the allegations in Paragraph 41 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

42. Defendant neither admits nor denies the allegations in Paragraph 42 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

43. Defendant neither admits nor denies the allegations in Paragraph 43 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

44. Defendant neither admits nor denies the allegations in Paragraph 44 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

45. Defendant neither admits nor denies the allegations in Paragraph 45 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

46. Defendant neither admits nor denies the allegations in Paragraph 46 of the Complaint for lack of information or sufficient belief leaving Plaintiff to his strict proofs.

**WHEREFORE**, Defendant, Gila, LLC d/b/a Municipal Services Bureau requests that this Court: (a) dismiss Plaintiff's claims in their entirety, with prejudice; (b) award Defendant its fees and costs wrongfully incurred in defense of this matter; and (c) grant Defendant such other and further relief as is just and proper.

|  | Respectfully Submitted, |
|---|---|
|  | /s/ Charity A. Olson |
|  | CHARITY A. OLSON (P68295) |
|  | OLSON LAW GROUP |
|  | Attorneys for Gila, LLC |
|  | 106 E. Liberty, Suite 206 |
|  | Ann Arbor, MI  48104 |
|  | (734) 222-5179 |
| October 5, 2011 | colson@olsonlawpc.com |

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim against Defendant upon which relief may be granted.

2. At all relevant times, Defendant engaged in reasonable procedures to assure accuracy of its credit reporting concerning Plaintiff and conducted a reasonable reinvestigation of Plaintiff's alleged dispute(s).

3. To the extent Defendant's conduct violated the law, such conduct was neither willful nor malicious.

4. Plaintiff has no actual damages.

5. Plaintiff's damages, if any, are speculative.

6. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's acts and/or omissions.

7. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by the acts and/or omissions of persons or entities over which Defendant had no control or authority.

8. Plaintiff has failed to mitigate his damages, if any.

9. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, laches and/or unclean hands.

10. Defendant reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

Respectfully Submitted,

/s/ Charity A. Olson
CHARITY A. OLSON (P68295)
OLSON LAW GROUP
Attorneys for Gila, LLC
106 E. Liberty, Suite 206
Ann Arbor, MI  48104
(734) 222-5179

October 5, 2011                           colson@olsonlawpc.com

### Proof of Service

I, Charity A. Olson, hereby state that on October 5, 2011, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/ Charity A. Olson
CHARITY A. OLSON (P68295)
OLSON LAW GROUP
Attorneys for Gila, LLC
106 E. Liberty, Suite 206
Ann Arbor, MI  48104
(734) 222-5179
colson@olsonlawpc.com